UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY L. BEATY, ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | 1:09-cv-383- WLT-TAB |
| ) | |
| I-FLOW CORPORATION, HOSPIRA ) | |
| WORLDWIDE, INC., APP ) | |
| PHARMACEUTICALS, LLC, ABRAXIS ) | |
| BIOSCIENCE, INC., ABBOTT ) | |
| LABORATORIES, and JOHN DOE, D.P.M., ) | |
|     Defendants. ) | |

**ORDER ON MOTION TO FILE AMENDED COMPLAINT UNDER SEAL**

Mary Beaty had foot surgery on March 22, 2007. To manage the pain, Beaty's podiatrist installed a pain pump in Beaty's foot that delivered continuous local anesthetic. A few days later, Beaty's foot blistered, had abscesses, and gangrene. Beaty sued Defendants—including the makers and distributors of the pain pump and anesthetic, and her podiarist—in state court for medical malpractice, product liability, negligence, breach of express and implied warranty, and fraud. Plaintiff did not name her podiatrist in the complaint because a medical review panel has not yet given an opinion on her medical malpractice claim against him. *See* Indiana Code 34-18-8-4. Thus, her "complaint filed in court may not contain any information that would allow a third party to identify the defendant." Ind. Code 34-18-8-7(a)(1).

Defendants removed the case to this Court. Plaintiff objected on the basis that both she and her podiatrist are Indiana citizens and therefore diversity is destroyed. [Docket No. 8.] Defendants replied that diversity cannot be destroyed by a defendant who is sued under a fictitious name according to 28 U.S.C. § 1441. [Docket No. 9.]

Plaintiff filed this motion to file an amended complaint under seal. [Docket No. 13.] Plaintiff recognizes that this Court has previously ruled that defendants who are named anonymously to comply with the medical malpractice statute are considered fictitious names for purposes of 28 U.S.C. § 1441(a). [*Id.* at ¶ 9 (citing *Thornburg v. Stryker Corp.*, 05-cv-1378-RLY-TAB, 2006 WL 211952 (S.D.Ind. Jan. 27, 2006) and *Bush v. Hospital One*, IP 00-1818-C-M/S (S.D.Ind. Jan. 22, 2001) (unpublished opinion)).] However, Plaintiff hopes to add the doctor's name to the complaint in order to establish that diversity is lacking, and file the amended complaint under seal in order to not abrogate Indiana Code 34-18-8-7. Plaintiff argues that this would allow her to file only one suit and in her choice of forum while not identifying the name of the doctor. She further contends that if Defendants are allowed to remove this case, Plaintiff may be incentivized to "undertake procedural actions with unfortunate consequences." [*Id.* at ¶ 13.] Plaintiff says that she would be forced to litigate two cases simultaneously and possibly prior to the medical review panel's decision, that judicial resources would be expended inefficiently, and that the product liability defendants would be free to name the doctor, without anonymity, as a non-party in the federal case. [*Id.*]

Procedural consequences notwithstanding, Plaintiff's proposed solution—naming of the doctor but filing the complaint under seal—does not conform to the unambiguous language of Indiana Code 34-18-8-7 that directs that the "complaint filed in court may not contain any information that would allow a third party to identify a defendant." In 2004, the Indiana Court of Appeals dismissed an action against a doctor for want of subject matter jurisdiction where the plaintiff identified the doctor in the complaint but also requested the trial court to seal the identifying information. The court ascertained that "[a]n order 'sealing identifying information,'

as requested by [the plaintiff], would not comport with the requirements of the Act." *Hubbard v. Columbia Women's Hosp.*, 807 N.E.2d 45, 51-52 (Ind. Ct. App. 2004).

At this point in the litigation, Indiana Code 34-18-8-7 prohibits the naming of the doctor against whom Plaintiff seeks relief in the complaint. The express language of the statute does not suggest that filing this information under seal is an appropriate alternative. Accordingly, Plaintiff's motion to amend the complaint and file under seal is denied.

Dated:   06/16/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Erin M. Bosman
MORRISON & FOERSTER LLP
ebosman@mofo.com

David J. Burton
BURTON & SIMKIN
dburton@burtonandsimkin.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com

Jessica Ederer
MORRISON & FOERSTER LLP
jederer@mofo.com

James Webb Huston
MORRISON & FOERSTER LLP
jhuston@mofo.com

Briana Lynn Kovac
BINGHAM MCHALE LLP
bkovac@binghammchale.com

Lee B. McTurnan
BINGHAM MCHALE LLP
lmcturnan@binghammchale.com

Grant M. Reeves
BAKER & DANIELS - Indianapolis
grant.reeves@bakerd.com

Kameelah Shaheed-Diallo
LEWIS WAGNER LLP
kshaheed-diallo@lewiswagner.com

Thomas G. Stayton
BAKER & DANIELS - Indianapolis
tstayton@bakerd.com